Honorable Michael G. Mask County Attorney 3rd Floor Jack County Courthouse Jacksboro, Texas 76056
Re: Whether a sheriff has discretion to refuse to enter a probation revocation warrant in a state computer under article23.09, Code of Criminal Procedure
Dear Mr. Mask:
You have asked whether a county sheriff has discretion to refuse to enter into the state computer system arrest warrants which have been properly issued by the county court against defendants for failure to appear or for probation revocation. The computer system in question is the Texas Crime Information Center computer [hereinafter TCIC], which is maintained by the Texas Department of Public Safety [hereinafter DPS] for the collection of outstanding warrants issued by Texas officials and which facilitates the arrest of wanted persons statewide. You have specifically asked whether article 23.09 of the Code of Criminal Procedure has any bearing on the scope of the sheriff's discretion to refuse entry of Jack County warrants in the TCIC. Article 23.09 of the Code of Criminal Procedure simply states:
"Capiases for a defendant may be issued to as many counties as the district or county attorney may direct."
The director of the DPS has authority to formulate plans and means of cooperating with sheriffs and local peace officers throughout Texas for the apprehension of criminals. V.T.C.S. art. 4413(21). Sheriffs and constables are made "associate members" of the DPS for purposes of any rights and privileges which may be granted to such officers by such state agency. V.T.C.S. art. 4413(19). We believe that a sheriff's authority to subscribe to the TCIC pursuant to DPS regulations is authorized under the statutes.
In our opinion, if the sheriff does not have the available personnel to assume custody of a person found outside his county, the sheriff would have authority in the first instance not to enter such person's name in the system. Pursuant to the operating manual issued by the Texas Department of Public Safety, any entry into the TCIC by a law enforcement agency must be accompanied by the promise that such agency will retrieve a prisoner from anywhere in the state.
We do not believe that a Texas county sheriff can be compelled to enter warrants in the TCIC if, in his reasonable discretion, making such entries is not justified under the circumstances. Article 23.09 simply provides that a capias may be directed to the arresting law enforcement officials of any county designated by the prosecuting attorney. Once a capias comes into the hands of a sheriff, he is under an obligation to make a reasonable effort to execute such writ. V.T.C.S. arts. 6866, 6873; Code Crim.Proc. art. 2.13. Under article 2.16 of the Code of Criminal Procedure a county sheriff may be fined up to $200 for failing "from neglect" to execute an arrest warrant or other legal process.
If the prosecuting attorney wishes to have an arrest warrant delivered to another county in which a wanted person is known to be found, the clerk of the court may issue such capias to the county sheriff of such county pursuant to article 23.09 of the Code of Criminal Procedure without the necessity of making any entry in the TCIC computer system.
 SUMMARY
A county sheriff has discretion to withhold entry of warrants into a statewide computer system.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Tom Green First Assistant Attorney General
 David R. Richards Executive Assistant Attorney General
 Rick Gilpin Chairman, Opinion Committee
 Prepared by Rick Gilpin Assistant Attorney General